# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LAVAUGHN D. SCOTT, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:24-cv-01417-JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of Movant Lavaughn D. Scott's response to this Court's November 26, 2024 Order directing him to show cause why his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence should not be dismissed. After reviewing and considering Movant's response, the Court has determined to dismiss the Motion without further proceedings, and decline to issue a certificate of appealability.

## Discussion

The Court's November 26, 2024 Order explains the basis for determining the Motion is untimely. However, following is a brief recitation. Movant pleaded guilty to being a felon in possession of a firearm, and this Court imposed sentence on June 9, 2021. *See United States v. Scott,* No. 4:19-cr-00028-JAR-1 (E.D. Mo. 2019). Movant sought direct review, and on April 4, 2022 the United States Court of Appeals for the Eighth Circuit affirmed this Court's judgment. *See United States v. Scott,* No. 21-2336 (8th Cir. 2021). Movant filed a petition for rehearing, and the Court of Appeals denied it on July 8, 2022. Movant did not file a petition for a writ of

certiorari in the Supreme Court of the United States. He filed the instant Motion on October 9, 2024.[1]

Section 2255(f) of Title 28 imposes a one-year statute of limitations on motions filed pursuant to § 2255. The limitations period runs from the latest of four dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As the Court previously determined, the instant Motion cannot be considered timely under § 2255(f)(1). The Court of Appeals denied Movant's petition for rehearing on July 8, 2022, so judgment became final for purposes of § 2255(f)(1) on October 6, 2022. Movant had one year from that date to file a § 2255 motion, but did not do so until October 9, 2024.

In the response now before the Court, Movant does not argue that his Motion is timely under § 2255(f)(1). He states that his Motion should not be dismissed "due to newly discovered evidence that is based on constitutional law," he appears to reference *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), and he states he had the right to carry a firearm even though he was a felon. (ECF No. 3 at 1). However, *Bruen* does not provide § 2255 petitioners a basis for relief, *see United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024),

---

[1] Movant avers he mailed the motion to the Court on October 9, 2024, and it was filed in this Court on October 22, 2024. Applying the prison mailbox rule, *Moore v. U.S.,* 173 F.3d 1131, 1135 (8th Cir. 1999), the Court determines the motion to have been filed on October 9, 2024, the date Movant mailed it.

and even if it did, Movant filed the instant Motion more than one year after it was decided. Movant cites other cases, but they are either lower court cases or were decided more than one year before Movant filed the instant Motion. Movant has not provided, and the Court cannot discern, a basis to conclude that the instant Motion is timely under § 2255(f)(3).

Movant makes other statements as well, but focuses on why he believes his conviction was unconstitutional. He does not provide, and the Court cannot discern, a basis to conclude that his Motion can be considered timely under any provision of § 2255(f). Movant makes no attempt to argue entitlement to equitable tolling.

Having thoroughly reviewed and carefully considered Movant's response, the Court concludes it provides no basis to conclude that the instant Motion is timely or that its untimeliness should be excused. Having determined that the Motion is untimely and that Movant has failed to show cause why it should not be dismissed as such, the Court will dismiss the motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (a district court may consider, on its own initiative, whether a habeas action is time-barred, but must provide notice to the movant before dismissing it as such).

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citation omitted). Because Movant has made no such showing in this case, the Court will not issue a certificate of appealability.

3

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DENIED AND DISMISSED AS TIME-BARRED**. The Court will enter a separate order of dismissal.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 27th day of December, 2024.

_____
JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE